COUNXEL

*2222 South Dobson Road Suite 1104*
*Mesa, Arizona 85202*
*Office: (480) 536-6122*
*www.counxel.com*
**For Court Use Only: docketing@counxel.com**
Timothy F. Coons (031208)
TCoons@counxel.com
Cameron Mitchell (035735)
CMitchell@counxel.com
*Attorneys for Plaintiff*

L. Eric Dowell, AZ 011458
Jessica A. Phipps, AZ 037799
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.,
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602-778-3700
Fax: 602-778-3750
eric.dowell@ogletree.com
jessica.phipps@ogletree.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Matteo Mastrovalerio, an individual, <br><br> Plaintiff, <br><br> v. <br><br> Marriott Hotel Services, LLC, a limited liability company; ABC Partnerships I-X; ABC Limited Companies I-X, and XYZ Corporations I-X, <br><br> Defendants. | No.  4:23-cv-00577-CKJ <br><br> **JOINT PROPOSED CASE MANAGEMENT REPORT** |

Pursuant to Federal Rule of Civil Procedure Rule 26(f), Plaintiff Matteo Mastrovalerio ("Plaintiff") and Defendant Marriott Hotel Services, LLC ("Defendant") (collectively, "the Parties"), by and through their undersigned counsel, have conducted a

conference in accordance with Rule 26(f) on August 6, 2024, and hereby submit the following Joint Report.

**1.    Attendance of the parties who attended the Rule 26(f) Meeting and assisted in developing the Joint Case Management Report:**  The counsel in attendance were:

> Cameron Mitchell
> Counxel Legal Firm
> 2222 S. Dobson Rd. Suite 1104
> Mesa, AZ 85202
> Attorneys for Plaintiff

> L. Eric Dowell
> Jessica A. Phipps
> Esplanade Center III, Suite 800
> 2415 East Camelback Road
> Phoenix, AZ  85016
> Attorneys for Defendant

**2.    List of Parties in Case:**

Plaintiff: Matteo Mastrovalerio

Defendant: Marriott Hotel Services, LLC

**3.    A short statement of the Nature of Case:**

<u>Factual Disputes and Legal Basis</u>:

Plaintiff: Plaintiff alleges that he was discriminated against based on his various disabilities by Defendant Marriott and that Defendant Marriott unlawfully interfered with and retaliated against him based on his use of FMLA.

Defendant: Plaintiff has periodically worked at various Marriott-branded locations since 1987. Most recently, on or around August 25, 2018, Plaintiff was hired as the Director of Engineering at JW Marriott Tucson Starr Pass Resort & Spa (the "Hotel") in Tucson, Arizona.

Plaintiff was involved in a motor vehicle accident on or around February 9, 2022, and was granted a medical leave of absence under the Family and Medical Leave Act (FMLA) until June 16, 2022. Plaintiff returned to work on June 16, 2022, without restrictions. However, on or around July 19, 2022, Plaintiff submitted a letter from his

healthcare provider requesting that the Hotel provide him with intermittent leave for medical appointments and minimize his walking, stair climbing, heavy lifting, prolonged standing, and staying in prolonged positions. The Hotel approved the requested accommodations, and Plaintiff was permitted to take intermittent leave as needed under the FMLA.

A few months later, on or around October 3, 2022, a Hotel employee reported that Plaintiff had made derogatory, anti-Semitic comments about a contractor. These comments included referring to the contractor as "the short little Jew boy from New York" and/or "the little Jew boy . . . he looks like a Jew." The Hotel immediately investigated these concerns, and, during the investigation, Plaintiff stated that he could not clearly recall his conversation with the Hotel employee, but did not deny making the alleged statements about the contractor. Plaintiff apologized for saying anything offensive.

Plaintiff was thus given a written warning for the unprofessional conduct. This was his second written warning in a twelve-month period, and, as a result, Defendant terminated Plaintiff on or around October 21, 2022, for receiving two written warnings within a twelve-month period—consistent with its Progressive Discipline Policy. Defendant denies discriminating against Plaintiff based on his alleged disability and/or otherwise interfering with or retaliating against him for utilizing any FMLA leave.

Defendant's Affirmative Defenses:

Without waiving or assuming any burden of proof that would otherwise rest with Plaintiff under applicable law, and without waiving the affirmative defenses set forth in its Answer, Defendant asserts the following separate and independent defenses:

The Complaint sets forth claims that are frivolous, unreasonable, or without foundation, and, therefore, Defendant is entitled to recover its attorney's fees associated with defending against such claims.

Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the U.S. Equal Employment Opportunity Commission.

Plaintiff's claims are barred, in whole or in part, by his failure to state a claim upon which relief can be granted.

Plaintiff fails to state a cause of action upon which relief may be granted because Plaintiff is not disabled—as that term is defined in the Americans with Disabilities Act, as amended, 42 USC § 21100, et seq.

Plaintiff fails to state a cause of action upon which relief may be granted because Plaintiff never notified Defendant of the need for the alleged accommodations.

To the extent that discovery reveals that Plaintiff lacked any prerequisites for his job, Plaintiff's claims are barred to the extent he is not a qualified individual with a disability within the meaning of the Americans with Disabilities Act.

Plaintiff's claim under the ADA may be barred, in whole or in part, because accommodating Plaintiff in the manner he requested would create an undue hardship and/or pose a direct threat to the health or safety of himself or other individuals in the workplace if he remained employed at the Hotel.

Plaintiff's claims are not actionable because the challenged employment practices are justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons unrelated to any alleged disability or request for an accommodation.

Plaintiff's alleged disability or request for an accommodation was not a factor in any employment decision, but, regardless, the same actions would have been taken anyway for legitimate, non-discriminatory, and non-retaliatory reasons or good cause entirely unrelated to the alleged disability or request for an accommodation.

Defendant has in place a clear and well-disseminated policy against discrimination and harassment and a reasonable and available procedure for handling complaints thereof, which provides for a prompt and effective response plan. Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant, or to avoid harm otherwise, and therefore Plaintiff's claims are barred.

To the extent Plaintiff engaged in conduct that could serve as a basis for the earlier termination of his employment, Plaintiff is barred from recovery by the after-acquired

1  evidence doctrine.

2      Plaintiff's claims are not actionable because any alleged injuries suffered by Plaintiff

3  were caused by his own conduct.

4      Plaintiff's claims are barred, in whole or in part, because, at all times, Defendant's

5  actions with respect to Plaintiff, if any, were lawful, justified, and made in good faith.

6      If any improper, illegal, or discriminatory act was taken by any employee of

7  Defendant against Plaintiff, it was outside the course and scope of that employee's

8  employment, contrary to Defendant's policies, and was not ratified, confirmed, or approved

9  by Defendant. Therefore, any such actions cannot be attributed or imputed to Defendant.

10      To the extent Plaintiff proves that his alleged disability or request for an

11  accommodation was a substantial motivating factor in any employment decision or action

12  affecting him, which he cannot, that the same decision would have been reached regardless

13  of the alleged disability or request for an accommodation.

14      Without conceding any wrongdoing or that Plaintiff has suffered any damages,

15  Plaintiff is barred from recovering damages to the extent he has failed to mitigate his

16  damages, including any failure to accept work or to exercise diligence in seeking

17  employment. To the extent Plaintiff has mitigated his damages, Defendant is entitled to

18  offset those amounts he has earned.

19      Without conceding any wrongdoing or that Plaintiff is a qualified individual with a

20  disability under Section 101(8) of the Americans with Disabilities Act, 42 U.S.C. §

21  12111(8), Plaintiff is not entitled to recover compensatory or punitive damages because

22  Defendant at all times demonstrated good faith efforts to identify and make a reasonable

23  accommodation.

24      Without conceding any wrongdoing or that Plaintiff has suffered any damages,

25  Plaintiff cannot seek punitive damages because Defendant did not act with malice or

26  reckless indifference to any federally protected rights of Plaintiff.

27      Without conceding any wrongdoing or that Plaintiff has suffered any damages,

28  Plaintiff fails to state a proper claim for compensatory or punitive damages because all of

COUNXEL
LEGAL FIRM

5

COUNXEL
LEGAL FIRM

1  Defendant's challenged actions were the product of good faith efforts.

2      Without conceding any wrongdoing or that Plaintiff has suffered any damages, his

3  damage claims are barred, in whole or in part, to the extent he seeks to recover damages in

4  excess of the type and amounts allowed or provided by law. Any claims by Plaintiff for

5  compensatory and punitive damages are subject to the applicable damage caps provided by

6  law.

7      Defendant is entitled to recovery of its attorneys' fees under 42 U.S.C. § 2000e-5(k).

8      Plaintiff's claims are barred in whole or in part by the applicable statute of

9  limitations.

10     Plaintiff's claims are limited or barred due to his failure to exhaust available internal

11  and/or administrative remedies and to the extent that his allegations exceed the reasonable

12  scope and investigation of any administrative charge he filed.

13     Plaintiff was not entitled to leave under 29 U.S.C. § 2612(a), § 2612(b), or 29 C.F.R.

14  § 825.202.

15     Plaintiff received all leave to which he was entitled.

16     Defendant did not violate the FMLA because Plaintiff failed to comply with his

17  obligations under the FMLA.

18     Plaintiff has no standing to initiate this action and no right to any relief under the

19  FMLA to the extent that he did not suffer from a serious health condition within the

20  meaning of 29 U.S.C. § 2612 and 29 C.F.R. § 825.113 and was not otherwise entitled to

21  leave under 29 U.S.C. § 2612.

22     Plaintiff has no standing to initiate this action and no right to any relief under the

23  FMLA to the extent he failed to make a timely and/or adequate request for FMLA leave as

24  required under 29 U.S.C. § 2612.

25     Plaintiff has no standing to initiate this action and no right to relief under the FMLA

26  to the extent that Defendant did not have adequate notice of any serious health condition

27  and/or request for FMLA leave under 29 U.S.C. § 2612.

28     To the extent any unlawful conduct is found to have been committed, Defendant

6

should not be held liable because the conduct was outside the scope of the employment relationship and the agent did not act with express or implied authority and Defendant did not ratify or approve any unlawful conduct.

Plaintiff has failed to mitigate his alleged damages.

Any claims for lost wages must be reduced by the amount of any unemployment, disability, and/or any other benefits or income Plaintiff received from any source during the time period for which such lost wages are sought.

Plaintiff cannot show any causal connection between protected conduct and his termination, and there is no evidence of animus by Defendant against Plaintiff for the exercise of any right protected by 29 U.S.C. § 2601.

Any damages incurred by Plaintiff were not caused or proximately caused by Defendant.

Plaintiff is not entitled to damages under 29 U.S.C. § 2617(a)(1)(A)(iii) because, at all times relevant to this action, Defendant acted in good faith and had reasonable grounds for believing that its acts or omissions were consistent with the FMLA.

**4.    Jurisdiction:** Plaintiff is a resident of Maricopa County, Arizona and worked as an employee for Marriott Hotel Services, LLC. All acts hereinafter alleged were to be substantially performed and completed in the State of Arizona.  This Court has federal question jurisdiction over Plaintiff's claims asserted in this action because the claims arise under federal law. 42 U.S.C. § 2000e-5.

**5.    Service:**  All parties have been served and have Answered.

**6.    Additions and Amendments:**  No party expects to add additional parties or otherwise amend the pleadings at this time.

**7.    Contemplated Motions and Statement of Issues:** Plaintiff does not currently anticipate filing motions prior to the initiation of discovery. The parties contemplate filing motions after discovery is completed, but it is too early to determine the precise issues which will be raised or what other pretrial motions may be filed.  Defendant anticipates

moving for summary judgment as to the claims alleged in the Second Amended Complaint after the conclusion of discovery.

**8.     Prospects for Settlement:** The Parties do not believe this case is suitable for reference to arbitration, a special master, or a United States Magistrate Judge for trial. The Parties do believe the case may be suitable for reference to a United States Magistrate Judge for a settlement conference before trial, after they have completed discovery.

**9.     The status of any related cases pending before this or other courts:** There are no related cases pending before this or other courts.

**10.    Related Cases:** The parties are unaware of any related cases before other courts or other judges of this District.

**11.    Mandatory Initial Discovery Responses:** The parties have agreed to provide initial disclosures on or **September 6, 2024.**

**12.    Rule 34 Discovery:** The parties may serve requests under rule 34 any time 21 days after the parties have been served.

**13.    Electronic Information:** No issues exist relating to disclosure and discovery of electronically stored information (ESI), including the form(s) in which it should be produced. The parties have worked to preserve all discoverable information, including ESI.

**14.    Issues relating to claims of Privilege:** The Parties do not anticipate any issues relating to claims of privilege or work product at this time, but will work together to resolve any such issues, and will follow the Court's protocol for resolving such discovery-related disputes. It is also expected that an order of protection will be sought to address confidentiality of certain information outside of privilege or work product issues." The Parties anticipate that disputes may arise concerning the confidentiality of certain information, potentially leading to claims of privilege or work product. Accordingly, it is expected that an order of protection will be sought to address these matters.

**15.    Order under Federal Rule of Evidence 502(d):** The parties do not request entry of a Rule 502(d) order at this time.

**16.** **Necessary Discovery and Limitations:**

    a. *Extent, nature and location of discovery.* Each side may propound up to 25 interrogatories, including subparts, 25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts.

    *b. Changes to discovery limitations.* None

    *c. Number of hours for depositions.* Depositions shall be limited to seven hours each as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure.

**17.** **Discovery Deadlines:**

    *d. Deadline for Initial Disclosures:* ***September 6, 2024.***

    *e. Completion of Discovery:* ***July 25, 2025****; the last day to propound discovery will be **June 25, 2025.***

    *f. Exchange full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C):*

        *i. Plaintiff's Expert Witnesses**: August 8, 2025.***

        *ii. Defendants' Expert Witnesses: **August 22, 2025.***

        *iii. Rebuttal Expert Witnesses: **September 12, 2025.***

    *g. Completion of all expert depositions: **October 17, 2025.***

    *h. Dispositive Motions: **December 5, 2025.***

    *i. Good Faith Settlement Talks:  **August 15, 2025.***

**18.** **Request for Jury Trial:**  A jury trial has been requested.

**19.** **Trial:**  The estimated length of the trial is four (4) days.

**20.** **Settlement:** The Parties agree that settlement discussions may be premature at this juncture. However, the Parties agree to consider private mediation or a judicial settlement conference following written discovery and the completion of key depositions.

**21.** **Additional Matters:** None.

**RESPECTFULLY SUBMITTED** this 20th day of August 2024.

**COUNXEL LEGAL FIRM**

*/s/ Cameron Mitchell*
Timothy Coons
Cameron Mitchell
2222 South Dobson Road Suite 1104
Mesa, Arizona 85202
*Attorneys for Plaintiff*

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ L. Eric Dowell (with permission)*
L. Eric Dowell
Jessica A. Phipps
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ  85016
*Attorneys for Defendant Marriott Hotel Services, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2024, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF Registrant:

L. Eric Dowell
Jessica A. Phipps
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ  85016
*Attorneys for Defendant Marriott Hotel Services, LLC.*

*/s/ Tanika Sherman*